# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTIES OF HAMPSHIRE, FRANKLIN AND HAMPDEN, SEPTEMBER TERM 1842, AT NORTHAMPTON

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, } Justices.
Hon. SAMUEL HUBBARD,

---

### Daniel Donelson *vs.* Inhabitants of Colerain.

Where the official bond, given to a town by a collector of taxes and his sureties, is several as well as joint, and the collector brings an action against the town on a demand which is itself the subject of set-off, the defendants may set off their claim on such bond for money which the plaintiff has received on tax bills committed to him for collection, and which he has not accounted for nor paid over.

Assumpsit to recover the amount of two orders, drawn by the selectmen on the treasurer of the town of Colerain, in favor of the plaintiff, and dated January 31st 1840. Several matters of defence were interposed at the trial, but the case now came before the court on a single question, which was thus presented on the report of *Dewey*, J. before whom the trial was had :

The defendants relied upon a set-off, and filed in the case a joint and several bond, executed by the plaintiff, with sureties, dated July 1st 1837, the condition of which was, that the plaintiff, having been duly chosen and appointed a collector of taxes within and for the said town of Colerain, for the year aforesaid, should with all due fidelity collect and pay over &c. the several

sums named in all and singular the tax bills and warrants, which should be duly committed to him during the said year, &c. The defendants thereupon proposed to offer evidence of various breaches, by the plaintiff, of the condition of said bond, in his neglect to account for and pay over money received by him on the tax bills committed to him for collection.

The plaintiff objected to the competency of this demand, and the evidence proposed to be offered as to the same, by way of set-off; and the question was reserved for the whole court, both parties agreeing, that if such a demand could be properly offered by way of set-off, an auditor should be appointed to state the amount that may be due from the plaintiff, by force of said bond, and that whatever sum should be found due thereon should be allowed in set-off to the demand of the plaintiff: Otherwise, that the plaintiff should have judgment for the amount of said orders.

This case was argued at the last September term.

*H. G. Newcomb,* for the plaintiff. No demand can be set off, which is not strictly within the Rev. Sts. *c.* 96, §§ 1 – 3. *Stowers* v. *Barnard,* 15 Pick. 224. The demands, in this case, are not mutual between the plaintiff and defendants. The bond is executed not only by the plaintiff, but also by three sureties. It is therefore not a subject of set-off against the defendant alone. *Fuller* v. *Wright,* 18 Pick. 403. *Walker* v. *Leighton,* 11 Mass. 140. *Ladue* v. *Hart,* 4 Wend. 583. *Sherman* v. *Crosby,* 11 Johns. 70. *Dale* v. *Cooke,* 4 Johns. Ch. 11. *Warren* v. *Wells,* 1 Met. 80.

The demand on the bond cannot be set off, because it is not liquidated. *Burgess* v. *Tucker,* 5 Johns. 105. *Weigall* v. *Waters,* 6 T. R. 488. *Tuttle* v. *Tompkins,* 2 Wend. 407. *Collins* v. *Butts,* 10 Wend. 399. *Brown* v. *Cuming,* 2 Caines, 33.

*Grennell & Davis,* for the defendants. The Rev. Sts. *c.* 96, § 6, authorize the set-off of a " demand founded on a bond, or other contract having a penalty," with a proviso, that " no more shall be set off than the sum equitably due." And by § 19 of the same chapter, it is provided that when a defendant files a

demand in offset, it "shall be tried in like manner as if it had been set forth in an action brought by him; and the plaintiff shall be entitled to every ground of defence against it, of which he might have availed himself in an action brought against him on the same demand." Under this section, whenever a question comes before the court or jury, it may be determined to what extent the damages due, and what kinds of damages, may be set off.

In the case at bar, the bond is several, as well as joint; so that the demands are mutual between the plaintiff and defendants: The offset proposed is only of money received by the plaintiff on the tax bills committed to him; so that the sum demanded by the defendants is "one that may be ascertained by calculation," and comes within the terms of the Rev. Sts. *c.* 96, § 3, although it is not "liquidated."

DEWEY, J. The only question raised in the present case is as to the right of set-off insisted upon by the defendants. Two objections are taken to the allowance of the set-off: 1. That the demands are not mutual: 2. That the defendants' demand has not been liquidated.

Before the enactment of the provisions of the Rev. Sts. *c.* 96, the right of set-off was more restricted; but it being found to be a very equitable and reasonable mode of adjusting the mutual demands of parties upon each other, it has been extended to cases not apparently embraced in the former statutes.

We perceive no sufficient reason for rejecting this set-off for want of mutuality in the respective demands. Considering it as arising wholly by force and effect of the bond, the case would stand thus: The defendants hold a bond executed by the plaintiff and third persons as his sureties. The bond is a joint and several one; and being the several bond of the plaintiff, it might be enforced against him alone: And neither the plaintiff, who is principal in the bond, nor his sureties, can have any interest arising from their being parties to the bond, that should prevent the allowance of a set-off. The plaintiff cannot, because there can be no claims that require to be adjusted between him and his sureties as to this matter; and the sureties can have no interest

adverse to the diminishing of the extent of their liability on the bond—which will be the effect of granting the motion of the defendants and allowing the set-off.

Nor can the other objection avail the plaintiff, that the demand sought to be set off is unliquidated. The set-off asked by the defendants is in terms restricted to the claim for money actually received by the plaintiff, as a collector of taxes. No claim is made for any allowance, by way of set-off, on account of any breach of the condition of the bond by reason of the plaintiff's neglect of duty in not enforcing the collection of taxes. Thus restricted, the demand of the defendants is one that may easily be ascertained; as easily, at least, as any account filed in offset for money received by the adverse party.

That a demand may be the subject of set-off, though it is founded on a bond or other contract with a penalty, seems to be expressly provided in Rev. Sts. *c.* 96, § 6. And as the demands, on which the plaintiff's action is founded, are themselves the subject of set-off, according to the requisition of § 7 of the same chapter, the defendants' motion for a set-off must prevail.